**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| VINCENT LUCAS, | Case No. 1:18-cv-664 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| JASIT GOTRA, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff Vincent Lucas, an experienced *pro se* litigant,[1] filed this case on May 2, 2018 in the Clermont County Court of Common Pleas against multiple companies and individuals, alleging as he has in multiple other cases that various Defendants violated the federal Telephone Consumer Protection Act ("TCPA") and other laws. More than three months later on September 21, 2018, Defendant Jasjit Gotra removed the case to this Court.[2] The undersigned takes judicial notice that the above-captioned case contains

---

[1] Plaintiff has pursued at least eleven lawsuits in this Court, most of which contain similar allegations of illegal telemarketing practices. In addition to the above-captioned case, *see, e.g.,* Case No. 1:11-cv-409 (closed), Case No. 1:12-cv-630 (closed), Case No. 1:15-cv-108 (closed), Case No. 1:16-cv-790, Case No. 16-cv-1102, Case No. 1:16-cv-1127 (closed), Case No 1:17-cv-47 (closed); Case No. 1:17-cv-374 (transferred), Miscellaneous Case No. 1:17-mc-02 (closed), and most recently, Case No. 2:18-cv-582. Plaintiff previously has informed this Court of related litigation he has pursued in several state courts.

[2] The Notice of Removal was filed solely by pro se Defendant Gotra and purports to remove a state case filed more than 30 days earlier against multiple Defendants. Unlike a closely related earlier case concerning the same calls, *Lucas v. Monitronics Int'l, Inc*., Case No. 1:17-cv-374, in which Plaintiff sought to remand based upon a lack of timeliness and a lack of unanimity by all Defendants, Plaintiff did not object to the removal of the instant case. In light of subsequent proceedings, the undersigned assumes that any possible objections to removal have been waived.

1

nearly identical claims as those stated in Case No. 1:17-cv-374, a case that Plaintiff also initiated in state court, but that was first removed to this Court and ultimately was transferred to West Virginia as part of multidistrict litigation.

Pursuant to local practice, the case has been referred to the undersigned magistrate judge. Currently pending is Plaintiff's motion for default judgment against three Defendants. For the following reasons, that motion should be DENIED and this case should be dismissed.

**I.     Background**

Shortly after removal to this Court, Plaintiff filed an amended complaint identifying Brian Fabiano, Ricardo Diaz, Eric Polson, and Jake Murray as John Doe defendants.[3] (Doc. 7). On November 13, 2018, Plaintiff obtained an entry of default against three non-appearing Defendants: Defend America, LLC, Jessica T. Merrick, and Rick A. Merrick. (Doc. 9).[4] However, despite the fact that this case was initiated more than a year ago in state court, and has been pending for nearly a year in this Court, no scheduling order has ever been entered.

Four of the individual Defendants filed motions to dismiss. In March 2019, Plaintiff filed a motion seeking to compel those Defendants to participate in a Rule 26(f) discovery

---

[3] A Plaintiff must identify and serve all Defendants (including John Does) within 90 days of filing his complaint. Rule 4(m), Fed. R. Civ. P.

[4] Both individuals and Defend America were served at a single Florida address in Case No. 1:17-cv-374, but were served by certified mail at an apartment address in Minnesota in Case No. 1:18-cv-664. Nowhere does Plaintiff allege any particular contacts by the Merricks with the State of Ohio. "[I]t is well settled that jurisdiction over individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F.Supp.3d 1187, 1209 (M.D.Tenn., 2017) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)). Nevertheless, as with any potential defects with the Notice of Removal, the undersigned assumes that the two individuals have waived any objections to this Court's exercise of jurisdiction over their persons. *See generally Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006).

conference, but the referenced parties jointly sought to stay the Court's ruling on that motion while they attempted to reach "an amicable resolution of Plaintiff's claims." (Doc. 35). The undersigned granted the request to stay proceedings. On June 15, 2019, Plaintiff filed an unopposed motion to voluntarily dismiss without prejudice all claims against Defendants Jasjit Gotra,[5] Brian Fabiano, Eric Polson, Ricardo Diaz and Jake Murray. Plaintiff's unopposed motion was granted on June 17, 2019, leaving only the three non-appearing Defendants, together with still-unidentified John Doe Companies and individuals. (Doc. 26).

On July 15, 2019, Plaintiff filed a motion seeking entry of default judgment against Defend America, LLC, Jessica T. Merrick, and Rick A. Merrick. (Doc. 39). Plaintiff's motion also proposes to dismiss all remaining "John Doe" Defendants without prejudice, thereby ending litigation over the 51 calls for the time being. (*Id.* at n.1).

In his original and amended complaint in this case, as in Case No. 1:17-cv-374-TSB-KLL, Plaintiff's central allegation is that various defendants made 51 telemarketing calls to Plaintiff's residential telephone number "by or on behalf of both Monitronics International, Inc. ("Monitronics") and Alliance Security, Inc. ("Alliance" or "Alliance Security")." (Complaint at ¶8, *see also* ¶46; *compare* Case No. 1:17-cv-374, Complaint at ¶¶6 and 41). Although the complaint in the above-captioned case and that filed in Case No. 1:17-cv-374 share numerous identical allegations, the two complaints seek to hold a slightly different cast of parties legally responsible for the same calls.[6] Thus, in Case No.

---

[5] Defendant Gotra's first name is misspelled as "Jasit" on the docket sheet of this Court based on the same misspelling on the title page of Plaintiff's complaint; however, the interior of the complaint, Gotra's Notice of Removal, and Plaintiff's unopposed motion to voluntarily dismiss all reflect the correct spelling as "Jasjit."

[6] Plaintiff Lucas has employed similar tactics before, as detailed in a Report and Recommendation filed on

3

1:17-cv-374, Plaintiff sued Monitronics International, Inc., Alliance Security Inc., Defend America LLC, Jessica T. Merrick, Rick A. Merrick, Tyler Coon, Comet Media, Inc. and Lucky 7, Inc PH, as well as John Doe companies.  As discussed in greater depth below, Plaintiff's inclusion of Monitronics and Alliance Security led to the transfer of Case No. 1:17-cv-374 to West Virginia, where it became a member case in MDL Case No. 2493.

Presumably to avoid the same fate, Plaintiff elected not to include Monitronics or Alliance Security as Defendants in the reiteration of his claims in the above-captioned case, despite the fact that the same 51 telemarketing calls remain at issue, and are alleged to have been made "by or on behalf of" those two entities.  In place of the entities, Plaintiff instead names new Defendant Jasjit Gotra, alleged to be the founder, majority owner, and CEO of Alliance Security and "personally liable for the actions of Alliance Security." (Complaint at ¶9).  On the whole, Plaintiff's claims against Gotra mirror his prior claims for liability against Monitronics and Alliance Security.[7]  Thus, in place of setting forth claims for "liability of Monitronics and Alliance Security for Actions of Agents" as he did in Case No. 1:17-cv-374, the current complaint substitutes the heading "Liability of Gotra for Actions of Alliance Security and Its Agents."  As in Case No. 1:17-cv-374, Plaintiff also identifies as Defendants Defend America LLC, Jessica and Rick Merrick,

---

May 13, 2019 in Case No. 1:16-cv-1102-MRB-SKB (noting that Plaintiff had filed Case No. 1:15-cv-108 over the identical 12 telephone calls but against different Defendants, recommending that a prior settlement agreement be held to bar the later lawsuit, or alternatively, that nonmutual claim preclusion should be applied to bar the later suit); *see also* Case No. 1:15-cv-108, Doc. 85, holding that Plaintiff could not hold a newly identified individual defendant liable for a prior default judgment obtained against an allegedly related entity against whom Plaintiff had obtained a default judgment in Case No. 1:12-cv-630, but instead could be sued only for "new" calls that were not the subject of Case No. 1:12-cv-630).

[7] Gotra and other individual defendants filed motions to dismiss, (Docs. 17, 18, 25, 29), but those motions were denied as moot after Plaintiff's unopposed motion to voluntarily dismiss the same individuals without prejudice was granted.  (Doc. 38).

4

Tyler Coon, and individual John Does. However, Plaintiff has eliminated references to Comet Media (an entity previously dismissed from 1:17-cv-374) as well as most references to Lucky 7, Inc. PH.[8]

**II.     Analysis**

When, as here, the Clerk has made an entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Here, Plaintiff alleges involvement by three non-appearing Defendants in just 2 out of 51 calls allegedly made to his residential telephone number "by or on behalf of" Monitronics and Alliance Security for the purpose of selling home alarm monitoring services. The referenced two calls occurred on May 6, 2015 and May 13, 2015.

While factual allegations will be accepted as true, judgment will not be entered unless it appears that those allegations support liability as a matter of law. *See e.g., Johnson v. Levi Strauss,* 2009 WL 4806467 (S.D. Ohio Dec. 9, 2009) (default judgment cannot be entered when the complaint fails to state a claim upon which relief can be granted). Here, Plaintiff's motion for default judgment should be denied because the allegations do not support liability as a matter of law. Instead, the allegations appear to be based upon nearly identical claims filed by Plaintiff against Defend America LLC that were recently settled in multi-district litigation in West Virginia, and fail to state any claim against the two individual Defendants.

---

[8] *Compare, e.g.*, Complaint at ¶14 in Case No. 1:18-cv-664, listing March 2015 dates and stating "I received telephone calls on behalf of Monitronics and Alliance Security" with Complaint at ¶7 in Case No. 1:17-cv-374, identifying same March 2015 dates but stating "Lucky 7 Inc, PH ('Lucky') originated telemarketing calls …on behalf of Monitronics"; *see also* Complaint at ¶16 in Case No. 1:17-cv-374 and Complaint at ¶24 in Case No. 1:18-v-664 (virtually identical allegations but omitting reference to Comet Media, Inc.).

**Plaintiff's Allegations and Claims Concerning Two May 2015 Calls**

Plaintiff's allegations concerning the non-appearing Defendants' alleged involvement are set forth in paragraphs 15-20 of his current complaint:

> 15. On 5/6/15 and 5/13/15, I received telephone calls **on behalf of Monitronics and Alliance Security**. My caller ID displayed the same originating telephone number during both calls. The purpose of the calls was to sell me alarm monitoring services. The 5/13/15 call started with a pre-recorded message offering to provide a "free" home alarm system. After answering a series of questions, the interactive voice response system allowed me to speak with a live sales representative. The sales representative said that he represents "Home Security Center" and the installation of the security system was at "no cost", but I would be required to pay Monitronics for an alarm monitoring contract. The alarm system would be installed by Alliance Security. The caller said that I could call him back at (888) 336-9616.
>
> 16. In truth, the company "Home Security Center" does not exist. "Home Security Center" is a fictitious entity made up by Alliance Security, Monitronics, **and/or Defend America LLC.**
>
> 17. The telephone number (888) 336-9616 was assigned to Defend America LLC on the date of the call. **Defend America LLC initiated the calls on 5/6 and 5/13/15**.
>
> 18. **Defend America LLC initiated the 5/6 and 5/13/15 calls on behalf of Alliance Security and Monitronics**. Defend America LLC was acting as an agent of Alliance Security and Monitronics and within the scope of its authority as agent.
>
> 19. Jessica T. Merrick, Rick A. Merrick, and Tyler Coon were officers of Defend America LLC on the date of the call.
>
> 20. Jessica T. Merrick, Rick A. Merrick, and Tyler Coon personally formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defend America LLC set forth in this Complaint.

(Complaint, emphasis added).

Citing prior cases in which he has been granted default judgment, Plaintiff seeks entry of a judgment in the amount of $1700 against each non-appearing Defendant for

the May 6, 2015 call, and $3800 for the May 13, 2015 call. Plaintiff alleges that all three Defendants are liable for the May 6, 2015 call under 47 U.S.C. § 227(c), and under state law because the call was made by an entity not registered as a telemarketer. Plaintiff concedes that some state claims would be time-barred, but argues that because he voluntarily dismissed his claims in Case No. 1:17-cv-374 without prejudice and re-filed them less than one year later, Ohio's Saving Statute, O.R.C. § 2305.19(A) "saves" those claims. (Complaint at ¶116). Plaintiff alleges additional liability for the May 13 call because it was initiated with an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b). He asserts that the caller did not disclose the identity of the seller, and did not "immediately" disclose that the call was to effect a sale, as required under Ohio law, but instead began with a message stating that the caller was giving away "free" home alarm systems before revealing the intent to sell home monitoring services.

**Two Massachusetts Cases Involving Defendants Alliance and Gotra**

In addition to more specific allegations concerning the two calls, Plaintiff refers to two prior cases brought by the Federal Trade Commission ("FTC") in Massachusetts against some of the same defendants that are identified in this case. Plaintiff was not a party to either of the Massachusetts cases.

In 2013, the FTC filed suit against Alliance Security, Inc. and Jasjit Gotra, among others. Without admitting or denying any of the allegations, the identified defendants entered into a Stipulated Final Order for Permanent Injunction and Civil Penalty Judgment" dated March 10, 2014. *See U.S. v. Versatile Marketing Solutions, Inc.*, Case No. 1:14-CV-10612. In the Final Order, Alliance, Gotra, and their representatives agreed not to "engag[e] in, caus[e] others to engage in, or assist[] others in engaging in" unlawful

7

telemarketing calls.[9]  Connecting the 2014 Final Order to this case, Plaintiff alleges in his complaint that each of the 51 calls he received "violated the FTC injunction" entered by Defendant Gotra and his representatives in Massachusetts.  (Complaint at ¶67, 70).

In addition to the 2014 case, Plaintiff invites this Court to take judicial notice of a related 2018 case filed by the FTC in the same court.  *See FTC v. Gotra*, Case No. 1:18-cv-10548-GAO.  In that case, the FTC alleged that Defendants Alliance Security and its founder Gotra are "recidivist violators," noting that they have "never complied" with the 2014 Stipulated Final Order.  (*Id.*, Complaint at ¶2).  The FTC further alleged in the 2018 case that Defend America was hired to make telemarketing calls to induce consumers to purchase goods or services from Alliance or Alliance's client, Monitronics.  (*Id.* at ¶¶5, 6, 13).  According to the FTC's complaint in the 2018 Massachusetts case, Defend America LLC was dissolved on November 1, 2016.  (*Id.* at ¶19).  However, the FTC sought to hold Jessica Merrick liable as "a founder and owner of Defend America."  (*Id.* at ¶20).  During the time in which it operated, from April 24, 2014 through December 5, 2015, the FTC alleged that Defend America was paid more than 2.8 million by Alliance Security.  (*Id.* at ¶109).   On September 6, 2016, the FTC alleged that Alliance terminated its relationship with Defend America, citing telemarketing complaints.  (*Id.* at ¶121).

As in the 2014 case, the FTC's 2018 allegations against Defend America and Jessica Merrick were never brought to trial.  Instead, on May 13, 2019, the court granted the FTC's motion to approve a Consent Judgment in which Defend America LLC and Jessica Merrick, without admitting the allegations, agreed to a permanent ban on

---

[9] See https://www.ftc.gov/system/files/documents/cases/140312vmsorder.pdf.

telemarketing and a suspended civil judgment of more than $2.2 million. (Docs. 61; *see also* Doc. 62, Stipulated Final Order for Permanent Injunction and Civil Penalty Judgment).

**Plaintiff's Prior Case in this Court and Recent Settlement in MDL No. 2493**

In addition to the two Massachusetts cases filed by the FTC, Plaintiff acknowledges that Alliance Security has been sued "in at least five class actions," as well as by Plaintiff himself in prior litigation that was consolidated in multidistrict litigation in U.S. District Court for the Northern District of West Virginia. *See In Re: Monitronics International, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, MDL Case No. 2493 (Master Docket No 1:13-md-2493). As stated, Plaintiff first filed suit over the same 51 calls against Monitronics, Alliance Security, Defend America, Inc., Jessica T. Merrick, Rick A. Merrick, Tyler Coon, and others in the Clermont County Court of Common Pleas, Case No. 2017-CVH-543. Plaintiff's first state court case was removed to this federal court by Monitronics, where it was docketed on June 1, 2017 as Case No. 1:17-cv-374-TSB-KLL.[10] Thereafter, Monitronics moved to stay all proceedings pending the Judicial Panel on Multidistrict Litigation's decision on whether to transfer Plaintiff's case and consolidate it with the existing MDL case in the Northern District of West Virginia. Over Plaintiff's strong objections, Monitronic's motion for a stay was granted by this Court. (Doc. 15). However, Plaintiff continued to file motions, memoranda and various "notices" in this Court, including but not limited to motions to partially lift the stay, to require Monitronics and Alliance Security to post a surety bond, for a preliminary injunction, to

---

[10] On June 28, 2017, Alfred V. Lucas entered a limited appearance on behalf of the previously pro se Plaintiff.

expedite rulings, to remand to state court, and notices of his voluntary dismissal of certain Defendants.

After granting the stay, this Court issued no further rulings in Case No. 1:17-cv-374-TSB-KLL. On October 16, 2017, the Chair of the JPML transferred the case to the Northern District of West Virginia, where it was re-docketed as Case No. 5:17-cv-157. (*See* Case No. 1:17-cv-374, Transfer Order at Docs. 31-32). The Transfer Order ruled against Plaintiff's motion to vacate the transfer to MDL No. 2493, noting that Plaintiff's allegations (that Monitronics, Alliance, and agents acting on their behalf placed 51 telemarketing calls to Plaintiff to sell home alarm system and monitoring services) shared questions of fact with MDL No. 2493 and would serve both the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The MDL Transfer Order expressly rejected Plaintiff's arguments against transfer, and/or for separation and remand of certain state law claims, as "unconvincing." (*Id.*)

Plaintiff's allegations in the above-captioned case are identical to many of those filed in the previously transferred Case No. 1:17-cv-374, including all allegations against Defend America, Inc., Jessica T. Merrick, and Rick A. Merrick.[11] (*See* Case No. 1:17-cv-374, Complaint at ¶¶8-13). Plaintiff appears to assume that the prior suit does not bar his current lawsuit based upon an allegation that he "voluntarily dismissed the claims against Defend America, Inc., Jessica T. Merrick, Rick A. Merrick, and Tyler Coon" prior to the transfer of the case to West Virginia. (Complaint at ¶71). The docket of Case No. 1:17-

---

[11] Plaintiff alleges in the instant case that on July 14, 2017, Alliance Security filed for bankruptcy, resulting in an indefinite stay of proceedings in West Virginia under bankruptcy law. (Complaint at ¶72; *see also* MDL Case 2493, Doc. 463). On July 2, 2019, Monitronics International, Inc. and several related entities similarly filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings in MDL No. 2493. (Case RI/1:17-ap-1032, Doc. 2).

10

cv-374 confirms the dismissal of individual Defendants Jessica Merrick, Rick Merrick, Tyler Coon, and John Doe Companies on June 30, 2017, *after* this Court had entered a stay of all proceedings, but prior to transfer of the case to West Virginia. (Doc. 9). However, contrary to Plaintiff's representation, Plaintiff's "Notice of Voluntary Dismissal" in Case No. 1:17-cv-374 explicitly states: "Notwithstanding the dismissal of the Merricks and Coon, Plaintiff does not dismiss the claims against their company Defend America LLC, who has been served and is in default." (*See* Doc. 15, emphasis original). The Transfer Order in MDL No. 2493 similarly acknowledges Plaintiff's notice of voluntary dismissal without prejudice was filed only as to the Merricks and Coon, and did not include Defend America LLC or other Defendants. And the docket sheet of the West Virginia Case No. 5:17-cv-157 (OH 17-cv-374) also reflects the termination of the Merricks and Coon but the continued presence of Defend America, LLC. Therefore, Plaintiff's previously filed identical claims against Defend America in Case No. 1:17-cv-374 were transferred with the remainder of that case to West Virginia, where they were litigated as a member case within MDL No. 2493.

The undersigned takes judicial notice that most cases encompassed within MDL No. 2493 have now settled, including Plaintiff's prior case. *See In Re: Monitronics International, Inc. TCPA Litigation*, No. 1:13-MD-02493 (Doc. 483, Order and Suggestion of Remand dated 06/28/19; *see also* OHS/1:17-CV-00374). A June 26, 2019 Order signed by currently-presiding U.S. District Judge John Bailey recites the history of the MDL case, including that in mid-2017, the lead defendant (Monitronics) reached an agreement with a nationwide opt-out class of recipients of telemarketing calls allegedly made between May 18, 2007 and June 12, 2018, resulting in the dismissal of a number

of cases. (*Id.* at 2-3). Plaintiff Lucas, among others, opted out of that settlement and instead negotiated a separate settlement. Specifically identifying Plaintiff's case, the June 26, 2019 Order recites:

> This Court held mediations in these cases in an effort to resolve the same. Each of the following cases were settled and resolved either prior to or in mediation…..
>
> *Lucas v. Monitronics*, 5:17-CV-157 (Southern Dist. Of Ohio, 1:17-CV-374).

(*Id.* at 3-4).

Based upon the judicially noticed record, it appears that Plaintiff is seeking a default judgment against a named Defendant (Defend America LLC) for the same 2 calls, and under the same legal theories, that were litigated in MDL Case 2493. Plaintiff's complaint in the MDL case contains identical allegations that "Defend America LLC initiated the 5/6 and 5/13/15 calls on behalf of Alliance Security and Monitronics," and "was acting as an agent of Alliance Security and Monitronics…." (Complaint at ¶18). However, Plaintiff now seeks to impose additional liability upon two individuals who were previously dismissed without prejudice from the MDL action, alleged to have been "officers of" Defend America LLC. (Complaint at ¶19). Plaintiff offers no detail as to what, precisely, the Merrick Defendants did outside of being officers of Defend America. Instead, Plaintiff alleges in conclusory fashion that the Merricks (and Coon) "personally formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defend America LLC set forth in this Complaint." (Complaint at ¶20).

Under the circumstances and based on the allegations presented *in this case*, the undersigned recommends denial of default judgment against any of the three non-appearing Defendants against whom Plaintiff previously obtained entries of default. As

to Defend America LLC, the undersigned concludes that Plaintiff's inclusion of identical claims against the same Defendant in the recently settled MDL case bars relitigation of identical claims in this lawsuit under the doctrine known as claim preclusion (also known as res judicata).[12] The doctrine generally bars additional claims if another court has issued a prior valid decision involving the same parties, or their privies, and the subsequent action presents claims that either were or could have been litigated in the first action, which claims arise out of the same transaction or occurrence. *See, e.g. Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). Because Plaintiff did not in fact dismiss his claims from the prior suit, Plaintiff's re-filed state law claims against Defend America LLC also appear to be time-barred, and not protected by Ohio R.C. § 2305.19(A).

Plaintiff's claims against the Merricks would be barred under the same doctrine, to the extent they are considered to be in privity with Defend America LLC. However, even if a reviewing court were to disagree concerning the issue of privity, based upon the settlement of MDL Case No. 2493 and for some of the same reasons as those discussed in the May 13, 2019 Report and Recommendation filed in Case No. 16-cv-1102, (*see* Doc. 93, objections pending), the undersigned would still recommend that Plaintiff be precluded from continuing to file new lawsuits that seek to impose liability for identical telephone calls based on "new and improved" target Defendants. *See generally Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir.1992) (per curiam) (upholding dismissal of successive

---

[12] In *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984), the United States Supreme Court expressed its preference for usage of the terms "issue preclusion" and "claim preclusion" to refer to the preclusive effect of a prior judgment, rather than the more common terms of "collateral estoppel" and "res judicata." The Sixth Circuit has expressed the same preference, *Heyliger v. State University and Community College Sys. of Tenn.*, 126 F.3d 849, 851-52 (6th Cir. 1997), although the Latin phrases remain widely used.

complaint against new defendants, collecting cases and citing generally *United States v. Mendoza*, 464 U.S. 154, 158-59 (1984); *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 331(1979)); *see also Heritage Hills Fellowship v. Plouff*, 555 F. Supp. 1290, 1295-96 (E.D. Mich. 1983). In *Gregart*, the Sixth Circuit also cited with approval *Hazzard v. Weinberger*, 382 F. Supp. 225, 226-229 (S.D.N.Y. 1974), aff'd, 519 F.2d 1397 (2d Cir.1975), in which the court held that nonmutual claim preclusion is appropriate when a pro se litigant brings repeated actions upon the same operative facts with slight change in legal theories and "cast of characters-defendants."

In addition, the undersigned recommends denial of default judgment against the Merricks concerning the two calls based upon the insufficiency of Plaintiff's allegations to state a claim. In favor of judgment, Plaintiff argues that "Rick Merrick and Jessica Merrick personally authorized or participated in the telemarketing law violations of Defend America, LLC and thus the Merricks are personally liable," citing *Texas v. American Blastfax, Inc.*, 164 F. Supp.2d 892, 897 (W.D. Tex. 2001). However, in the Texas case, the court based its holding on overwhelming evidence that the two individual defendants who were sole officers, directors and shareholders and who oversaw and directed day-to-day operations of Blastfax were jointly and severally liable for the entity's TCPA violations, agreeing with State of Texas that personal liability was based on individuals *actually committing* the conduct that violated the TCPA and not merely because of their status as officers. *Id.*

The Sixth Circuit has yet to rule whether officers of an entity may be held personally liable under the TCPA in the absence of any specific allegations that set forth an individual's involvement beyond their capacity as an officer or director. Here, Plaintiff

14

alleges that Defend America is liable under an agency theory, as the agent of Monitronics and Alliance, with whom Plaintiff has settled in another court. He seeks to hold the Merricks liable because they were officers of that agent. This Court and others have dismissed similar TCPA claims in the absence of any factual allegations that would show direct and personal participation in the conduct found to have violated the statute. *See Lucas v. Telemarketers Calling from (407) 476-5670 and Other Telephone Numbers*, Case No. 12-cv-630, 2014 WL 1119594 at *18 (dismissing claims against individual officers as derivative of claims against entities and containing insufficient allegations to impose personal liability, with one exception, finding Lucas's allegations that several individuals were "actively involved in management" or "participated in tortious behavior" to be overly conclusory and insufficient to state a claim); *accord Cunningham v. Local Lighthouse Corp.*, 2017 WL 4053759 at *3-4(M.D. Tenn. Aug. 7, 2017) (dismissing conclusory allegations against co-owners of corporation alleged to have made illegal telemarketing calls, discussing cases); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp.3d 1187 (M.D. Tenn. 2017) (same).

Although a complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for the entitlement to relief sought. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); s*ee also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). The factual allegations contained in the complaint must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555–61, 127 S.Ct. 1955. Plaintiff has alleged that the Merricks were "officers" of Defend America. (Complaint at ¶¶18-19). The only other relevant allegation asserts in a conclusory fashion, using the conjunction "or," that the Merricks and Coon "personally formulated, [or] directed, [or] controlled, [or]

15

had the authority to control, or participated in the acts and practices of Defend America LLC set forth in this Complaint." (*Id.* at ¶20). Even considering the liberal pleading standards of Rule 8, Plaintiff's minimal and conclusory allegations against the Merricks concerning just two calls allegedly placed in May 2015 are insufficient to demonstrate liability under his wide-ranging theories. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955); *see also generally, Cunningham v. Kondaur Capital*, 2014 WL 8335868, at *8 (M.D. Tenn., 2014) (denying experienced pro se litigant leave to amend his TCPA claim to add corporate officers, holding that amendment would be futile based upon insufficiency of facts alleged). Some of Plaintiff's theories of recovery have previously been rejected by this Court, including in a case recently affirmed by the Sixth Circuit. *See Lucas v. Telemarketer Calling from (407) 476-5680*, Case No. 1:12-cv-630, R&R filed 3/20/14, (Doc. 91) (rejecting personal liability of officers, state law invasion of privacy and nuisance, Ohio Consumer Sales Practices Act, and other claims, adopted June 5, 2017 (Doc. 195), *aff'd* at 2019 WL 3021233 (6th Cir. May 29, 2019).

Finally, Plaintiff also should not be permitted to once again dismiss all "John Doe" Defendants "without prejudice." Rule 4(m) of the Federal Rules of Civil Procedure requires service of a complaint within 90 days of the date it is filed in federal court. This generally includes service of "John Doe" defendants, although extensions of time may be granted based upon a showing of "good cause." However, such extensions will not be granted indefinitely. Notably, a plaintiff's identification of a new defendant formerly known as a "John Doe" does not relate back to the filing of a complaint for purposes of the statute

16

of limitations. Based upon the length of time in which this case has been pending, the dates of the alleged calls, and Plaintiff's failure to timely identify any additional John Does following the filing of an amended complaint on October 9, 2018, the remainder of this case should be closed and dismissed *with* prejudice. *See Bradford v. Bracken County*, 767 F.Supp.2d 740, 756 (E.D. Ky. 2011) (explaining that dismissal under Rule 4(m) after expiration of the statute of limitations will effectively be with prejudice, collecting cases).

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's motion for the entry of default judgment against Defendants Defend America LLC, Jessica Merrick and Rick Merrick (Doc. 39), based on claims relating to two telephone calls allegedly made in May 2015, be **DENIED**, and that this case be dismissed <u>with prejudice</u> and closed.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VINCENT LUCAS,

    Plaintiff,

v.

JASIT GOTRA, et al.,

    Defendants.

Case No. 1:18-cv-664

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).