# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

VINCENT LUCAS,

       Plaintiff,

v.

JASIT GOTRA, et al.,

       Defendants.

Case No. 1:18-cv-664

Barrett, J.
Bowman, M.J.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On July 25, 2019, the undersigned filed a Report and Recommendation ("R&R") that recommended that Plaintiff's motion for default judgment against Jessica and Rick Merrick and Defend America, LLC, seeking the entry of default judgment for two unwanted telephone calls received on Plaintiff's residential telephone line in May 2015, be denied. The same R&R recommended that this case be dismissed with prejudice and closed. Instead of filing Objections to the pending R&R, Plaintiff filed a Notice of Withdrawal of his motion for default judgment. In so doing, Plaintiff expressed his intention to render moot the pending R&R and preserve his ability to re-file a motion for default judgment against the same individuals, as well as (potentially) additional claims, at a later date.[1]

---

[1] Although proceeding pro se, Plaintiff is a highly experienced litigant who frequently pursues similar telemarketing claims in both this Court and in state courts. (*See* Doc. 40, R&R at n. 1).

1

The undersigned now recommends that Plaintiff's "Withdrawal of his Motion for Default Judgment" be denied and instead construed as "Objections" to the pending R&R. In the alternative, should the presiding district judge deem the withdrawal of Plaintiff's motion for default judgment to be effective at this date, the undersigned still recommends that the pending R&R be fully considered, together with this Supplemental R&R. If the Plaintiff's notice to withdraw his motion for default judgment is permitted, the undersigned recommends the same result be obtained (dismissal of all remaining claims in this lawsuit) *sua sponte*. Although the entire July 25, 2019 R&R should be considered, portions of that R&R are reiterated herein for emphasis and for the convenience of the Court.

**I.     Background**

Shortly after removal to this Court, Plaintiff filed an amended complaint identifying Brian Fabiano, Ricardo Diaz, Eric Polson, and Jake Murray as John Doe defendants.[2] (Doc. 7). On November 13, 2018, Plaintiff obtained an entry of default against three non-appearing Defendants: Defend America, LLC, Jessica T. Merrick, and Rick A. Merrick. (Doc. 9).[3] However, despite the fact that this case was initiated more than a year ago in state court, and has been pending for nearly a year in this Court, no scheduling order has ever been entered.

---

[2] A Plaintiff must identify and serve all Defendants (including John Does) within 90 days of filing his complaint. Rule 4(m), Fed. R. Civ. P.

[3] Both individuals and Defend America were served at a single Florida address in Case No. 1:17-cv-374, but were served by certified mail at an apartment address in Minnesota in Case No. 1:18-cv-664. Nowhere does Plaintiff allege any particular contacts by the Merricks with the State of Ohio. "[I]t is well settled that jurisdiction over individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F.Supp.3d 1187, 1209 (M.D.Tenn., 2017) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)). Nevertheless, as with any potential defects with the Notice of Removal, the undersigned assumes that the two individuals have waived any objections to this Court's exercise of jurisdiction over their persons. *See generally Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006).

Four of the individual Defendants filed motions to dismiss. In March 2019, Plaintiff filed a motion seeking to compel those Defendants to participate in a Rule 26(f) discovery conference, but the referenced parties jointly sought to stay the Court's ruling on that motion while they attempted to reach "an amicable resolution of Plaintiff's claims." (Doc. 35). The undersigned granted the request to stay proceedings. On June 15, 2019, Plaintiff filed an unopposed motion to voluntarily dismiss without prejudice all claims against Defendants Jasjit Gotra,[4] Brian Fabiano, Eric Polson, Ricardo Diaz and Jake Murray. Plaintiff's unopposed motion was granted on June 17, 2019, leaving only the three non-appearing Defendants, together with still-unidentified John Doe Companies and individuals. (Doc. 26).

On July 15, 2019, Plaintiff filed a motion seeking entry of default judgment against Defend America, LLC, Jessica T. Merrick, and Rick A. Merrick. (Doc. 39). Plaintiff's motion also proposes to dismiss all remaining "John Doe" Defendants without prejudice, thereby ending litigation over the 51 calls for the time being. (*Id.* at n.1).

In his original and amended complaint in this case, as in Case No. 1:17-cv-374-TSB-KLL, Plaintiff's central allegation is that various defendants made 51 telemarketing calls to Plaintiff's residential telephone number "by or on behalf of both Monitronics International, Inc. ("Monitronics") and Alliance Security, Inc. ("Alliance" or "Alliance Security")." (Complaint at ¶8, *see also* ¶46; *compare* Case No. 1:17-cv-374, Complaint at ¶¶6 and 41). Although the complaint in the above-captioned case and that filed in Case

---

[4] Defendant Gotra's first name is misspelled as "Jasit" on the docket sheet of this Court based on the same misspelling on the title page of Plaintiff's complaint; however, the interior of the complaint, Gotra's Notice of Removal, and Plaintiff's unopposed motion to voluntarily dismiss all reflect the correct spelling as "Jasjit."

3

No. 1:17-cv-374 share numerous identical allegations, the two complaints seek to hold a slightly different cast of parties legally responsible for the same calls.[5] Thus, in Case No. 1:17-cv-374, Plaintiff sued Monitronics International, Inc., Alliance Security Inc., Defend America LLC, Jessica T. Merrick, Rick A. Merrick, Tyler Coon, Comet Media, Inc. and Lucky 7, Inc PH, as well as John Doe companies. Plaintiff's inclusion of Monitronics and Alliance Security led to the transfer of Case No. 1:17-cv-374 to West Virginia, where it became a member case in MDL Case No. 2493.

Presumably to avoid the same fate, Plaintiff elected not to include Monitronics or Alliance Security as Defendants in the reiteration of his claims in the above-captioned case, despite the fact that the same 51 telemarketing calls remain at issue, and are alleged to have been made "by or on behalf of" those two entities. In place of the entities, Plaintiff instead names new Defendant Jasjit Gotra, alleged to be the founder, majority owner, and CEO of Alliance Security and "personally liable for the actions of Alliance Security." (Complaint at ¶9). On the whole, Plaintiff's claims against Gotra mirror his prior claims for liability against Monitronics and Alliance Security.[6] Thus, in place of setting forth claims for "liability of Monitronics and Alliance Security for Actions of Agents" as he did in Case No. 1:17-cv-374, the current complaint substitutes the heading "Liability of

---

[5] Plaintiff Lucas has employed similar tactics before, as detailed in a Report and Recommendation filed on May 13, 2019 in Case No. 1:16-cv-1102-MRB-SKB (noting that Plaintiff had filed Case No. 1:15-cv-108 over the identical 12 telephone calls but against different Defendants, recommending that a prior settlement agreement be held to bar the later lawsuit, or alternatively, that nonmutual claim preclusion should be applied to bar the later suit); *see also* Case No. 1:15-cv-108, Doc. 85, holding that Plaintiff could not hold a newly identified individual defendant liable for a prior default judgment obtained against an allegedly related entity against whom Plaintiff had obtained a default judgment in Case No. 1:12-cv-630, but instead could be sued only for "new" calls that were not the subject of Case No. 1:12-cv-630).

[6] Gotra and other individual defendants filed motions to dismiss, (Docs. 17, 18, 25, 29), but those motions were denied as moot after Plaintiff's unopposed motion to voluntarily dismiss the same individuals without prejudice was granted. (Doc. 38).

4

Gotra for Actions of Alliance Security and Its Agents." As in Case No. 1:17-cv-374, Plaintiff also identifies as Defendants Defend America LLC, Jessica and Rick Merrick, Tyler Coon, and individual John Does. However, Plaintiff has eliminated references to Comet Media (an entity previously dismissed from 1:17-cv-374) as well as most references to Lucky 7, Inc. PH.[7]

As noted in the July 25, 2019 R&R, Defendant America LLC appears to have been dissolved as an entity on November 1, 2016. Plaintiff's motion for default judgment sought entry of monetary damages against Defend America and against two individuals who are alleged to have been officers of that dissolved company at the time that two phone calls were allegedly made by Defend America, acting on behalf of another company.

In the July R&R, the undersigned recommended denial of Plaintiff's motion for default judgment against the Merricks and Defend America, LLC based on: (1) the existence of the prior lawsuit over the same 51 calls which had been transferred to West Virginia as part of MDL litigation, and from which - contrary to Plaintiff's statements in this case - Defend America LLC had not been dismissed; (2) the recent entry of an order by the West Virginia court stating that Plaintiff had resolved all claims in the earlier filed suit; (3) the fact that Plaintiff's re-filed state law claims against Defend America LLC in *this* case were time-barred, and not protected by Ohio R.C. § 2305.19(A); (4) the fact that the Merricks were in privity with Defend America, resulting in a bar of new claims against

---

[7] *Compare, e.g.*, Complaint at ¶14 in Case No. 1:18-cv-664, listing March 2015 dates and stating "I received telephone calls on behalf of Monitronics and Alliance Security" with Complaint at ¶7 in Case No. 1:17-cv-374, identifying same March 2015 dates but stating "Lucky 7 Inc, PH ('Lucky') originated telemarketing calls …on behalf of Monitronics"; *see also* Complaint at ¶16 in Case No. 1:17-cv-374 and Complaint at ¶24 in Case No. 1:18-v-664 (virtually identical allegations but omitting reference to Comet Media, Inc.).

5

them; (5) the fact that the instant lawsuit generally seeks to impose liability for identical telephone calls based on "new and improved" target defendants (*see* Case No. 16-cv-1102, Doc. 93, objections pending); and (6) the fact that Plaintiff's allegations against the Merricks were insufficient to state a claim as a matter of law.  In addition, the prior R&R recommended the dismissal of all remaining John Does, and the dismissal of this case <u>with prejudice</u> based upon the length of time in which this case has been pending, the dates of the alleged calls, and Plaintiff's failure to timely identify any additional John Does following the filing of an amended complaint on October 9, 2018.  *See Bradford v. Bracken County*, 767 F.Supp.2d 740, 756 (E.D. Ky. 2011) (explaining that dismissal under Rule 4(m) after expiration of the statute of limitations will effectively be with prejudice, collecting cases).

In seeking to withdraw his motion for default judgment against the Merricks and Defend America, Plaintiff states that he did not intend to falsely state to this Court that he had dismissed Defend America from Case No. 1:17-cv-374, but merely "overlooked" that inconvenient fact.  He apologizes for what he describes as an "oversight…due to the extremely long time that the case has been stayed and the fact that I voluntarily dismissed its owners from the case." (Doc. 41 at 1).[8]  Plaintiff now states that – contrary to the MDL court's June 26, 2019 Order - he has *not* reached a settlement with Defend America over the two May 2015 calls, but instead has settled his claims with Monitronics *alone*. (Doc.

---

[8] As set forth in the July R&R, the docket of Case No. 1:17-cv-374 reflects a "Notice of Voluntary Dismissal" (filed after transfer to the MDL court) that explicitly states: "Notwithstanding the dismissal of the Merricks and Coon, Plaintiff does <u>not</u> dismiss the claims against their company Defend America LLC, who has been served and is in default." (*See* Doc. 15, emphasis original).

6

41 at n.2, characterizing the MDL order as "inaccurate").[9]  Plaintiff explains that, once certain conditions are met, he intends to submit a draft Stipulated Order to the MDL judge that "requests that the claims against the remainder of the defendants, including Defend America LLC be transferred back to the Southern District of Ohio." (Doc. 41 at 2). Plaintiff explains that, assuming the MDL court agrees and enters an order remanding the remaining claims in Case No. 1:17-cv 374 back to this Court, Plaintiff "will seek to consolidate that case with this case and then file a new motion for default judgment." (*Id.*)

**II.    Analysis**

Plaintiff's attempt to withdraw his motion for default judgment should be denied because his stated reasons for withdrawal are insufficient and unpersuasive. Instead, the undersigned recommends construing Plaintiff's "Notice" as "Objections" to the July 25, 2019 R&R. In the alternative, if the presiding district judge permits withdrawal of Plaintiff's pending motion for default judgment, this Supplemental R&R still recommends the dismissal of this case. To be clear, this Supplemental R&R recommends dismissal based upon the denial of the "withdrawal" of the motion for default judgment, or alternatively, dismissal *sua sponte* even if the motion for default judgment is withdrawn. The alternative *sua sponte* dismissal is recommended even assuming that all of Plaintiff's current representations to this Court are accurate: that he has not settled with Defend America in the MDL case, that the MDL court's June 26 Order was inaccurate, and that the MDL

---

[9] In support, Plaintiff has tendered a draft (unsigned) "Stipulation and Order of Partial Dismissal" that Plaintiff maintains reflects his settlement with Monitronics in the MDL case. Plaintiff states that entry of that order has been "delayed" pending a hearing on Monitronics' bankruptcy petition for reorganization, which Plaintiff anticipates will take place this week. The draft order, if signed and entered by the presiding MDL judge, would dismiss only claims against Monitronics, while expressly stating that Plaintiff's "claims against all other defendants remain pending."

7

court will soon transfer and remand his claims against all except Defendant Monitronics back to this Court for adjudication (including Defend America).

If Plaintiff's "notice" of withdrawal of his motion for default judgment is deemed ineffective or denied, then the prior July 25, 2019 R&R remains unchanged. In the alternative, however, dismissal is still appropriate because much of the substantive analysis of the prior R&R remains valid. As stated in that R&R, Plaintiff alleges involvement by Defend America and/or the Merricks in just 2 out of 51 calls allegedly made to his residential telephone number "by or on behalf of" Monitronics and Alliance Security for the purpose of selling home alarm monitoring services. The referenced two calls allegedly occurred on May 6, 2015 and May 13, 2015. The gist of Plaintiff's current argument in favor of withdrawing his motion for default judgment is that if he has not settled his claims in the MDL case with Defend America, then claim preclusion (or res judicata) would not apply in the same manner set forth in the July R&R.

It is true that <u>some</u> of the undersigned's prior rationale (the existence of a prior final judgment having preclusive effect) would not provide a basis for dismissal of this later-filed lawsuit involving the same calls and an identical defendant if no final judgment has been entered. However, the undersigned does not agree that the lack of a final judgment against Defend America in the MDL case completely eviscerates any basis for dismissal of a later-filed lawsuit against the same Defendant for the same two phone calls, or of "new and improved" Defendants. (*See e.g.*, R&R, Doc. 40 at 12-14 and Case No. 16-cv-1102, Doc. 93, objections pending).

But even if the presiding district judge declines to dismiss based on the existence of the earlier-filed lawsuit, other portions of the prior R&R are wholly unaffected by

Plaintiff's contention that his MDL claims against Defend America remain pending. For example, the undersigned recommended the denial of default judgment in this case against Defend America because, based on the dates of the two calls in question, Plaintiff's re-filed state law claims against Defend America LLC in *this* case are time-barred. In addition, the undersigned recommended denial of default judgment against the Merricks because Plaintiff's allegations against the Merricks are insufficient to state a claim as a matter of law. The undersigned also recommended the dismissal of all remaining John Does, and the dismissal of this case <u>with prejudice</u> based upon the length of time in which this case has been pending, the dates of the alleged calls, and Plaintiff's failure to timely identify any additional John Does following the filing of an amended complaint on October 9, 2018. *See Bradford v. Bracken County*, 767 F.Supp.2d 740, 756 (E.D. Ky. 2011) (explaining that dismissal under Rule 4(m) after expiration of the statute of limitations will effectively be with prejudice, collecting cases).

Permitting Plaintiff to withdraw his current motion for default judgment merely to renew it at some later date would serve no purpose other than delay, which is contrary to the interests of the parties, the public, and this Court. The timing of Plaintiff's stated intention to refile his motion is indeterminate. Plaintiff explains that he awaits a bankruptcy court's ruling on Monitronics' petition for reorganization, and following that, awaits an order from the MDL court acknowledging that only claims against Monitronics have been settled and transferring all "remaining" claims to this Court.[10]

---

[10] As noted in the July 25 R&R, (Doc. 40), Plaintiff originally filed Case No. 1:17-cv-374-TSB-KLL in state court, and filed multiple motions seeking to sever certain claims and remand to state court in opposition to transfer of the entire case to the MDL court. It remains unclear whether, if and when the MDL court does remand remaining claims to this Court, Plaintiff will again seek remand to state court.

Only after the referenced (anticipated) actions by the bankruptcy court and the MDL court does Plaintiff indicate he will file a motion to consolidate this case with the remanded MDL case. The undersigned is hard-pressed to anticipate any reasonable basis for granting a future motion to consolidate this case with Case No. 1:17-cv-374-TSB-KLL, rather than dismissing this case as recommended and allowing the newly remanded MDL case to be reopened.

The decision of whether or not to consolidate separately filed cases is entirely within the discretion of this Court. Rule 42(a) of the Federal Rules of Civil Procedure authorizes consolidation of actions that involve a common question of law or fact. While the instant case meets that limited criteria, consolidation of the still-to-be-remanded action with this case would not serve the interests of judicial economy or avoid unnecessary cost or delay. Instead, considering that Defend America, the Merricks, and the John Does are entitled to dismissal of the claims asserted in this case for the reasons previously stated, delaying dismissal would be highly prejudicial to those entities. Additionally, in the MDL case, Plaintiff asserted claims against Alliance, which claims (based on Plaintiff's current contention) also presumably would be transferred/remanded to this Court. Like Monitronics, Alliance also has filed for bankruptcy, ensuring further delays in the resolution of the to-be-remanded case. The potential prejudice and confusion of claims, the highly-likely extended delays and consequential costs to the parties, the public, and this Court, all disfavor the exercise of this Court's discretion in favor of future consolidation with the (anticipated) remanded MDL case. *See generally, Guild Associates, Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 439-40 (S.D. Ohio, 2015) (setting forth relevant considerations under Rule 42).

It would only be after briefing on Plaintiff's future motion to consolidate would have expired, and only <u>if</u> this Court were to grant that motion, would Plaintiff at last be able to re-file his motion for default judgment against the same three non-appearing parties for the two May 2015 calls. Even after all that time had transpired, for the reasons previously stated, the undersigned is likely to recommend denial of the re-filed motion.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. Plaintiff's "Withdrawal of his Motion for Default Judgment" be denied and instead construed as "Objections" to the pending R&R, (Doc. 40), with that R&R to be fully considered along with this Supplemental R&R;

2. If the "notice of withdrawal" of the motion for default judgment is deemed effective, the undersigned still recommends in the alternative that the pending R&R be fully considered, together with this Supplemental R&R, which clarifies the basis for *sua sponte* dismissal of the limited remaining claims in this case for many of the same reasons previously expressed in the July 25, 2019 R&R;

3. Consistent with the July 25, 2019 R&R and this Supplemental R&R, all claims against Defendants Defend America LLC, Jessica Merrick and Rick Merrick (Doc. 39) relating to two telephone calls allegedly made in May 2015 should be dismissed, and all remaining claims against John Does should be dismissed <u>with prejudice</u> and closed.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VINCENT LUCAS,                                     Case No. 1:18-cv-664

        Plaintiff,                                Barrett, J.
                                                  Bowman, M.J.

    v.

JASIT GOTRA, et al.,

        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).