**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| VINCENT LUCAS, | : | |
| *Plaintiff*, | : | Case No. 1:18-cv-664 |
| vs. | : | Judge Jeffery P. Hopkins |
| JASIT GOTRA, *et al.*, | : | |
| *Defendants*. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Chief Magistrate Judge Stephanie K. Bowman issued two reports and recommendations in this case, one the Court will call the Initial Report (Doc. 40) and the other which the Court will refer to as the Supplemental Report (Doc. 42). Before the Court are Plaintiff, pro se, Vincent Lucas's ("Plaintiff" or "Lucas") Objections to the Initial Report and Supplemental Report. Docs. 43, 45.

In the Initial Report, the Magistrate Judge recommends that Plaintiff's Motion for Default Judgment (Doc. 39) be denied and that all remaining John Doe defendants named in the action be dismissed and the case be dismissed *with prejudice*.[1] Doc. 40. The Amended Complaint (Doc. 7) upon which the Motion for Default Judgment is predicated sought monetary damages against Defendants Defend America, LLC ("Defend America"), Jessica Merrick ("Ms. Merrick"), and Rick Merrick ("Mr. Merrick") (collectively, "the Merricks") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) and 47 U.S.C.

[1] On August 22, 2019, Plaintiff voluntarily dismissed the John Doe defendants. *See* Doc. 44.

§ 227(b). Sandwiched between the Initial Report and Supplemental Report, Plaintiff filed a pleading which he labeled Notice of Withdrawal of Document (Doc. 41); it asks this Court to allow him to withdraw his Motion for Default Judgment (Doc. 39) for various reasons explained later in this Order, all of which are unavailing. Plaintiff's second Objection to the Supplemental Report (which followed his attempt to withdraw his Motion for Default Judgment), raises new procedural arguments and seeks to incorporate by reference his objections to the Magistrate Judge's Initial Report. Doc. 45.

Having considered all the arguments expressed in both of Plaintiff's Objections, and for the reasons explained below, the Objections are **OVERRULED** and the Initial Report and Supplemental Report are **ADOPTED**. Docs. 40, 42.

## I. BACKGROUND

For a more complete discussion of the complex procedural history and factual predicate upon which the narrow question now before the Court rests, reference should be made to the Magistrate Judge's very thorough and comprehensive Initial Report and Recommendation. Doc. 40. As such, this Order only briefly summarizes the facts and issues needed to resolve the two Objections now before the Court.

### A. Procedural History

Plaintiff originally filed his Complaint in state court in Ohio on May 2, 2018, naming among others, Defend America, Jessica Merrick, and Rick Merrick. Compl., Doc. 2. After the case was removed to this Court, on October 9, 2018, Plaintiff filed an Amended Complaint, adding to the list of named defendants, Brian Fabiano, Ricardo Diaz, Eric Polson, Jake Murray, and several John Doe defendants. Doc. 7. Plaintiff later voluntarily dismissed Defendants Gotra, Fabiano, Polson, Diaz, Murray, and the John Doe defendants. Docs. 37,

38, 44. However, on November 13, 2018, Plaintiff obtained an entry of default against three remaining named defendants who did not file responses or make an appearance after being served with a summons and the Amended Complaint. They are: Defend America, Jessica Merrick, and Rick Merrick. Doc. 9.

Subsequently, on July 15, 2019, Plaintiff filed the current Motion for Default Judgment (Doc. 39) now being considered seeking relief against Defend America and two of Defend America's alleged officers, Jessica Merrick and Rick Merrick. *See* Compl., Doc. 2, ¶¶ 14–20.[2] As noted, on August 7, 2019, Plaintiff attempted to withdraw the Motion for Default Judgment. Doc. 41. Then, on August 22, 2019, Plaintiff voluntarily dismissed the John Doe defendants and *only* the state law claims asserted against Defend America. Doc. 44. Thus, the only defendants left standing in the matter currently under review before this Court are Defend America, for the federal law claims, and the Merricks.

The Amended Complaint contains allegations identical to those presented in a related case filed by Plaintiff, *Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374 (S.D. Ohio 2017) (*Lucas I*). At its core, the Amended Complaint alleges that Plaintiff received 51 illegal telemarketing calls on his residential phone number—which was listed on the national Do-Not-Call registry—by or on behalf of Monitronics International, Inc. ("Monitronics") and Alliance Security, Inc. ("Alliance"). Compl., Doc. 2, ¶¶ 5, 8. Two phone calls made on May 6, 2015 and May 13, 2015 are particularly relevant as Plaintiff alleges that they were made by Defend America on behalf of Monitronics and/or Alliance and the Merricks who were officers of Defend America at the time of the call. *Id.* ¶¶ 14–20. As noted, Plaintiff alleges that the two

---

2 Although Plaintiff filed an Amended Complaint (Doc. 7), it incorporates by reference paragraphs 1–117 of the original Complaint. Accordingly, where the Court cites to those incorporated allegations, citations are to the corresponding paragraphs of the original Complaint (Doc. 2).

May 2015 calls were made in violation of the TCPA because they were (1) made to a number listed on the national Do-Not-Call registry in violation of 47 U.S.C. § 227(c) and (2) the May 13, 2015 call was made using a prerecorded voice in violation of 47 U.S.C. § 227(b). *Id.* ¶¶ 77–80; Doc. 39, PageID 341.

In the Supplemental Report, Chief Magistrate Judge Bowman recommends denying or construing as ineffective Plaintiff's attempt to withdraw his Motion for Default Judgment against Defend America, Jessica Merrick, and Rick Merrick because Plaintiff's stated reasons for withdrawal are "insufficient and unpersuasive." Doc. 42, PageID 375. In the alternative, the Supplemental Report recommends that this Court construe Plaintiff's attempt to withdraw his Motion for Default Judgment as an objection to the Initial Report (Doc. 40) and that this Court: (1) deny Plaintiff's Motion for Default Judgment against Defend America because (a) the same calls were already litigated in a prior lawsuit transferred to the district court in West Virginia as part of MDL, from which Defend America had not been dismissed, and (b) the district court in West Virginia recently entered an order stating that Plaintiff had resolved all claims in that earlier suit, making the refiled state-law claims time-barred and not saved by Ohio R.C. § 2305.19(A)[3]; and (2) deny default judgment against the Merricks because (a) they are in privity with Defend America, barring new claims against them, and (b) the allegations against them are insufficient to state a claim; and (3) dismiss all remaining John Doe

[3] In the Supplemental Report (Doc. 42), the Magistrate Judge clarified the rationale for recommending denial of Plaintiff's Motion for Default Judgment against Defend America. Plaintiff's related case, *Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374 (S.D. Ohio), has a complex procedural history. Like this case, it was originally filed in Ohio state court and removed to this Court. Because Monitronics International Inc. was named as a defendant, the case was transferred to the Northern District of West Virginia as part of multidistrict litigation ("MDL"). The MDL ultimately resolved most claims, and Plaintiff's case was then remanded to this Court, where only the claims against Defend America remained. *See Lucas v. Monitronics Int'l Inc.*, No. 1:17-cv-374 (S.D. Ohio 2017). Because the MDL did not result in a final judgment on Plaintiff's claims against Defend America, the Magistrate Judge explained that any misunderstanding about the MDL's resolution meant that the rationale in the Initial Report—namely, the preclusive effect of a prior final judgment—would not support dismissal of this suit. Doc. 42, PageID 376.

defendants because Plaintiff has failed to satisfy Federal Rule of Civil Procedure 4(m)'s service requirements despite the age of the claims and lengthy delay. Doc. 40, PageID 350–62; Doc. 42, PageID 375–79.

In the event that this Court denies Plaintiff's attempt to withdraw his Motion for Default Judgment or deems it ineffective, the Magistrate Judge further recommends that we dismiss the case *sua sponte*, as much of the substantive analysis set forth in the Initial Report remains valid. Doc. 42, PageID 375.

### B. The Initial Report and Supplemental Report will be Resolved Together

Plaintiff objects to the Magistrate Judge's Initial and Supplemental Reports, raising several arguments. First, Plaintiff contends that there does not exist a final judgment against Defend America and thus the claims against it are not precluded. Doc. 43, PageID 381. Second, Plaintiff argues that the Amended Complaint states a viable claim against officers of Defend America, Jessica Merrick and Rick Merrick, and that the Magistrate Judge is holding Plaintiff—a pro se litigant—to a stricter pleading standard than that applied to experienced attorneys. *Id*. at PageID 382. As noted, Plaintiff seeks to incorporate by reference all the arguments raised in opposition to the recommendations made by the Magistrate Judge in the Initial Report in his objection to the Supplemental Report. Seeing no prejudice to Plaintiff, the Court will resolve Plaintiff's objections to the Initial and Supplemental Report together. This Order also disposes of the procedural objections Plaintiff raises to the Magistrate Judge's recommendations presented in the Supplemental Report.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## III. LAW AND ANALYSIS

As a threshold matter, this Court finds Plaintiff's attempt to withdraw his Motion for Default Judgment ineffective and therefore treats the motion as still pending. Plaintiff states that he seeks to withdraw the motion because of his "oversight" regarding his related case, *Lucas I*, which was transferred to the Northern District of West Virginia as part of multidistrict litigation. Doc. 41, PageID 364. Plaintiff explains that he overlooked the fact that the settlement in that case resolved only claims against Monitronics and did not dismiss Defend America. *Id*. at PageID 365. However, that related case has been remanded to this Court and the claims against Defend America have since been resolved. *See Lucas*, No. 1:17-cv-374, Doc. 49 (S.D. Ohio Aug. 13, 2026).

### A. Jurisdiction is Proper

For default judgment to be entered, a district court must first be satisfied that it possesses both subject matter and personal jurisdiction over the nonresponsive party. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case."); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022).

This Court has proper jurisdiction to hear and decide the matter now under review. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff has asserted a claim under the TCPA, 47 U.S.C. § 227, *et seq*. The Court also has specific personal jurisdiction over Defend America, Jessica Merrick, and Rick Merrick. Plaintiff alleges that each of these Defendants, directly or through agents acting on their behalf, purposefully directed telemarketing calls to Plaintiff in Ohio in connection with the marketing of Monitronics and Alliance. Compl., Doc. 2, ¶¶ 15–18. Plaintiff received the calls in Ohio, resides in Ohio, and alleges that the resulting TCPA injury occurred there. *Id.* ¶¶ 1–4, 15–20. Plaintiff's claims therefore arise directly from Defendants' forum-related conduct and Defendants could reasonably anticipate being haled into an Ohio court. *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 505–07 (6th Cir. 2014); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889–92 (6th Cir. 2002).[4]

**B. Default Judgment**

Turning next to the Motion for Default Judgment. There is a two-step sequential process for obtaining default judgment. *See Allied Consol. Enters. v. Aladwan*, No. 2:20-cv-4561, 2021 WL 1572291, *2 (S.D. Ohio April 22, 2021). First, a party must apply for an entry of default from the clerk. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Then, after a party obtains an entry of

[4] The Court also notes that Defendants Defend America, Rick Merrick, and Jessica Merrick were properly served on May 15, 2018 when this action was pending in state court. *See* Doc. 1-1, PageID 43. To reiterate, the case was removed to this Court on September 21, 2018. Doc. 1.

default, that party may request that default judgment be entered. Fed. R. Civ. P. 55(b). This can happen two ways: by the clerk or by the court. [5]

If the party's claim is for a sum certain or a sum that may be easily ascertained by computation, the clerk may enter default judgment. Fed. R. Civ. P. 55(b). In any other case, the party must seek default judgment from the court. *Id.* When considering an application for default judgment, courts accept the complaint's factual allegations as true but must assess whether the factual allegations are legally sufficient to state the alleged cause of action. *Findling v. White Cloud Pub. Sch. Dist.*, No. 1:24-cv-1018, 2026 U.S. Dist. LEXIS 45541, at *3 (W.D. Mich. Jan. 30, 2026), *report and recommendation, adopted*, 2026 U.S. Dist. LEXIS 44846 (W.D. Mich. Mar. 4, 2026). The moving party may prove the existence of damages through detailed affidavits or documentary evidence, or at an evidentiary hearing. *Arthur v. Robert James Assocs. Asset Mgmt.*, No. 3:11-cv-460, 2012 U.S. Dist. LEXIS 47240, at *3 (S.D. Ohio Apr. 13, 2012).

Once the jurisdictional prerequisite has been met, the court must also weigh the factors articulated by the Sixth Circuit in *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002), before awarding default judgment to a movant. Those factors are:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Id.*; *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

---

[5] The Court notes that an entry of default was entered in this case on November 13, 2018. *See* Doc. 9.

**1. Plaintiff's Claims Against Defend America**

Plaintiff alleges that Defend America violated 47 U.S.C. §§ 227(b) and 227(c) by making two telemarketing calls on May 6, 2015, and May 13, 2015 to Plaintiff's residential telephone number. Compl., Doc. 2, ¶¶ 15, 78–80. However, these are the same claims, arising from the same two calls, that Plaintiff asserted in *Lucas I*, a prior case recently decided by this Court. In that case, this Court granted default judgment in favor of Plaintiff against Defend America on these same claims and awarded him statutory damages. So, the question becomes, does res judicata preclude Plaintiff's claims against Defend America here? The answer is yes.

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). The federal common law doctrine of res judicata or claim preclusion provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). In other words, "a claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (citations omitted). Each of these elements are present here.

This Court considers the default judgment entered in *Lucas I* to be a final judgment on the merits because this Court made a substantive merits-based determination of Plaintiff's present claims that resulted in an award of statutory damages to Plaintiff. This action involves

the same parties, Plaintiff and Defend America. Moreover, the same issues in this case were or should have been litigated in the prior action. And finally, the causes of action, evidence, and proof needed to support the claims in both cases are identical. Thus, the Court finds that res judicata bars Plaintiff from raising those claims here. *See generally GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 340–44 (6th Cir. 2016).

However, even if Plaintiff's claims were not barred by res judicata, and he was otherwise entitled to default judgment in this case, this Court would decline to award additional statutory damages based on the same May 6 and May 13, 2015 calls and the same alleged TCPA violations. It has long been the rule in this Circuit that Section 227(c)(5) authorizes statutory damages on a per-call basis. *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 631–32 (6th Cir. 2009). And courts applying the TCPA have rejected duplicative recoveries for the same call, even where a plaintiff asserts overlapping theories of liability. *See Amann v. Low VA Rates, LLC*, No. 1:20-cv-180, 2020 U.S. Dist. LEXIS 201039, at *7–12 (S.D. Ohio Oct. 28, 2020). Thus, Plaintiff's motion as to Defend America is denied.

**2. Plaintiff's Claims Against the Merricks**

a. *Res Judicata*

The Court next considers Plaintiff's request for default judgment against Jessica and Rick Merrick. Plaintiff claims both individuals played an essential role in the TCPA violations committed in May 2015 by virtue of the fact that they were officers of Defend America when the calls occurred. Compl., Doc. 2, ¶¶ 14, 20. Similar to his claims asserted in this proceeding against Defend America, Plaintiff's claims against the Merricks are likewise barred by the doctrine of res judicata. Plaintiff's allegations against the Merricks under the TPCA could and

should have been litigated in *Lucas I*, the prior action. *Bittinger*, 123 F.3d at 880. They were not; now those claims are barred.

*b. <u>Sufficient and Meritorious Claims</u>*

Even if Plaintiff could somehow circumvent the bar presented by res judicata, Plaintiff's claims against the Merricks fail to adequately allege that either one of them can be held individually liable for violations of the TCPA. Looking only at the second and third *Russell* factors—the merits of Plaintiff's claims and the sufficiency of the complaint—Plaintiff has failed to allege facts demonstrating that the Merricks individually participated in the May 2015 calls. Lacking any factual predicate to support the claim against the Merricks, entry of default judgment against them under the TCPA would be entirely improper.

Although a complaint need not state detailed factual allegations, a plaintiff must include grounds for entitlement to the relief sought. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The factual allegations contained in the complaint must be enough to show a plausible, not merely possible, right to relief. *Twombly*, 550 U.S. at 555–61. Here, the Amended Complaint does not plead facts connecting either Merrick to the particular calls at issue occurring in May 2015. It alleges only that the Merricks were officers of Defend America and generally "formulated, directed, controlled, had the authority to control, or participated" in Defend America's practices. Doc. 2, ¶¶ 18–20. Those assertions do not identify any act by either Merrick showing personal participation in, authorization of, or control over the May 6 or May 13, 2015 calls. Without alleging *specific acts* by the Merricks showing that they personally authorized or participated in the phone calls, bald assertions of the sort that Plaintiff makes in the Amended Complaint concerning

the Merrick's alleged participation in the calls are insufficient to establish a plausible right to relief. *Iqbal*, 556 U.S. at 678.

Accordingly, because Plaintiff has not alleged facts sufficient to state a plausible TCPA claim against either Rick or Jessica Merrick in their individual capacities, these factors weigh against entry of default judgment. Based on this determination, the Court need not address the remaining *Russell* factors as to the Merricks. *United States v. $525,695.24*, 869 F.3d 429, 441 (6th Cir. 2017) (explaining that, a default judgment is ordinarily conclusive as to liability, but only where there is a sufficient basis in the pleadings).

## IV. CONCLUSION

Having reviewed *de novo* the Magistrate Judge's Initial and Supplemental Reports, the Court **ADOPTS** both Reports and **OVERRULES** Plaintiff's Objections. Docs. 43, 45. Plaintiff's Motion for Default Judgment is **DENIED** as to Defend America, Jessica Merrick, and Rick Merrick and Plaintiff's claims against Defend America, Jessica Merrick and Rick Merrick are **DISMISSED**. The Clerk will enter judgment and close this case on the docket of this Court.

**IT IS SO ORDERED.**

August 21, 2026

Jeffery P. Hopkins
United States District Judge